NICHOLAS H. BRIGHAM *vs.* FREDERICK A. HENDERSON.

Where a contract is entered into in this state, and to be performed here, between parties who are then citizens thereof; and the creditor subsequently removes to and becomes a citizen of another state, in pursuance of an intention to do so formed before the making of the contract; such removal and residence will not prevent the debtor's certificate of discharge, under the insolvent laws, from being a bar to an action on the contract in the courts of this state.

THIS was an action by the payee, against the acceptor, of a draft for $399·84, drawn and dated September 1st, 1845, at Dedham, in this state, on the defendant, at Boston, and payable to the plaintiff or his order in six months after date, at any of the banks in Boston. The action was commenced on the 16th of March, 1846. The trial was before *Colby*, J., in the court of common pleas.

The defendant rested his defence upon a discharge under the insolvent laws of this state, by a certificate thereof in the usual form, bearing date November 23d, 1846.

It was admitted, that the first publication of notice of the proceedings in insolvency was on the 17th of April, 1846; that, at the date of the acceptance, the plaintiff was in this

state, where he had always lived and done business; but that he had then determined, and was making preparations, to remove to New Orleans; and that he left this state accordingly, in October, 1845, and became and was a citizen of New Orleans, when the present action was commenced.

It was also admitted, that the consideration of the acceptance was a sale of goods in this state; that the plaintiff, at the time of the sale, had a place of business here; and that the defendant, at the date of the acceptance, was, and had ever since continued to be, a citizen of Massachusetts.

The presiding judge instructed the jury, *pro forma*, that, upon the facts admitted, the defendant's certificate of discharge was no bar to the action; and the jury returned a verdict for the plaintiff. The defendant thereupon excepted.

*W. Brigham*, for the plaintiff.

*B. F. Brooks*, for the defendant.

The opinion of the court was delivered at March term, 1849.

METCALF, J. The question in this case arises on that clause in the seventh section of the insolvent act, (*St.* 1838, c. 163,) which provides that a certificate shall absolutely and wholly discharge a debtor from all debts that " are provable under this act, and which are founded on any contract made by him after this act shall go into operation, if made within this commonwealth, *or* to be performed within the same."

The contract, on which this action is brought, was provable under the insolvent act; was made after that act went into operation; was made within this commonwealth, *and* was, by its terms, to be performed within the same; and both parties were citizens of the commonwealth, when the contract was made.

The only grounds, on which the plaintiff attempts to avoid the discharge in this case, are his removal to the state of Louisiana, after the contract was made, in pursuance of an intention formed by him before it was made, and his residence in that state until the time of bringing the action. And he relies upon the decisions of the supreme court of the United

States, establishing the doctrine, that a state insolvent law cannot, consistently with the constitution of the United States, affect contracts made between a citizen of that state and a citizen of another state. The history of this judicial doctrine is somewhat remarkable; but it is now too familiar to need to be here repeated. See *Ogden* v. *Saunders*, 12 Wheat. 213; *Boyle* v. *Zacharie*, 6 Pet. 348, 635; *Woodhull* v. *Wagner*, 1 Bald. 296; *Towne* v. *Smith*, 1 Woodb. & Minot, 115; *Van Hook* v. *Whitlock*, 26 Wend. 43; 2 Kent's Com. (6th ed.) 392, 393.

So far as the decisions of the supreme court of the United States clearly extend, on this point, this court regard them as of paramount authority. Accordingly, it was decided in *Savoye* v. *Marsh*, 10 Met. 594, and *Fiske* v. *Foster*, 10 Met. 597, and in *Woodbridge* v. *Allen*, 12 Met. 470, that contracts, made between citizens of this state and citizens of another state, were not affected by a discharge of the debtor under our *St.* of 1838, c. 163. In these cases, the parties were citizens of different states at the time when the contracts were made, and at the time when the actions were brought. And such also was the fact in those cases, in the supreme court of the United States, in which the decisions were made, on which the present plaintiff relies, and which were followed by this court, not because the reasoning, on which they were founded, was satisfactory, but because they were authoritative precedents. On all questions which involve the construction of the constitution of the United States, the supreme court of the United States is the only rightful ultimate tribunal; and its decisions on those questions cannot be withstood or disregarded by state courts, without a dereliction of duty and a violation of the cardinal principles of the federal government. But that court has not decided that a contract, made between citizens of the same state, cannot be affected by its insolvent laws, if one of the parties afterwards becomes a citizen of another state. And in the last case on this subject, which has come before that court, (*Cook* v. *Moffat*, 5 Howard, 295,) the counsel for the creditor denied the validity of the debtor's discharge

from the obligation of his contract, in these words: " It is a contract *between citizens of different states at the time when made;* and this is the fact and the principle which exclude it from the operation and effect of a release of the debtor under the insolvent laws of his state."

Mr. Justice Story, in his commentaries on the constitution of the United States, (vol. iii. § 1384,) says that the result of the decisions, on the subject of prospective state insolvent laws, is as follows: " 1. That they apply to all contracts, made within the state, between citizens of the state. 2. That they do not apply to contracts, made within the state, between a citizen of a state and a citizen of another state. 3. That they do not apply to contracts not made within the state. In all these cases," (that is, of the second and third classes,) " it is considered that the state does not possess a jurisdiction, coëxtensive with the contract, over the parties; and therefore that the constitution of the United States protects them from prospective as well as retrospective legislation."

Mr. Justice Johnson, in concluding his opinion in the case of *Ogden* v. *Saunders,* 12 Wheat. 369, states these three propositions: " 1. That the power given to the United States, to pass bankrupt laws, is not exclusive. 2. That the fair and ordinary exercise of that power by the states does not necessarily involve a violation of the obligation of contracts, *multo fortiori* of posterior contracts. 3. But when, in the exercise of that power, the states pass beyond their own limits, and the rights of their own citizens, and act upon the rights of the citizens of other states, there arises a conflict of sovereign power, and a collision with the judicial powers granted to the United States, which renders the exercise of such a power incompatible with the rights of other states, and with the constitution of the United States."

These passages show the grounds on which the supreme court of the United States have decided that contracts between citizens of different states cannot be affected by state insolvent laws. As has been already stated, our judgments

are not convinced by the reasons given for those decisions. We concur with chief justice Taney, (5 Howard, 310,) who says, " To the first two propositions maintained in the opinion of judge Johnson, I entirely assent. But when the two clauses in the constitution, therein referred to, are held to be no restriction, express or implied, upon the power of the states to pass bankrupt laws, I cannot see how such laws can be regarded as a violation of the constitution of the United States upon the grounds stated in the third proposition." Yet we deem ourselves bound, for the reason before given, to conform our decisions, on matters relating to the federal constitution, to the decisions of the court established by that constitution. That court has never decided the question now brought before us, nor made any decision inconsistent with the defence on which the defendant relies. As the plaintiff was a citizen of this commonwealth, when the contract in question was made with him, and has resorted to the courts of the commonwealth to enforce that contract, we do not perceive that, by giving effect to the defendant's discharge, we come in " collision with the judicial powers granted to the United States."

The plaintiff's intention, formed before the contract was made, to remove to Louisiana, cannot have any effect on the case. And if his removal from Boston to New Orleans would enable him to avoid the defendant's discharge, so would the removal of a creditor across the line of the state (however small the distance) enable him to do the same ; thus making the operation of the insolvent law upon contracts made between debtor and creditor, citizens of the commonwealth, to depend upon the will of the creditor. In the language of the late Mr. Justice Hubbard, with reference to another subject, (4 Met. 404,) " it will be time enough to yield in this matter of state jurisdiction, when the question of right has been determined by the highest tribunal."

*Verdict set aside.*

NOTE. In the case of *Abraham J. Converse v. James B*

*Bradley,* Middlesex, October term, 1848, decided at the March term, in Suffolk, 1849, it appeared, that the defendant made a promissory note, dated at Lowell, January 30th, 1847, in favor of the plaintiff, both parties then being citizens of this commonwealth; that, on the 1st of February following, the plaintiff removed out of the commonwealth; that, on the 6th of the same February, the defendant applied for the benefit of the insolvent law; and that such proceedings subsequently took place on the application, that the defendant received a certificate of discharge from his debts as an insolvent debtor. On these facts, judgment was given for the defendant.

*D. S. Richardson & W. A. Richardson,* for the plaintiff
*J. G. Abbott & S. A. Brown,* for the defendant.